NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0850n.06

No. 14-3423

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MICHAEL BURCHWELL, | ) | **FILED** |
|  | ) | Nov 13, 2014 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE SOUTHERN DISTRICT OF |
| WARREN COUNTY, OHIO, | ) | OHIO |
|  | ) |  |
| Defendant-Appellee. | ) |  |
|  | ) |  |

BEFORE: MERRITT, GIBBONS, and DONALD, Circuit Judges.

PER CURIAM. Michael Burchwell appeals the district court's judgment dismissing his complaint, filed under 42 U.S.C. § 1983.

Burchwell filed a § 1983 complaint against Warren County, Ohio, alleging that several violations of his constitutional rights occurred during his criminal proceedings in state court. Burchwell specifically alleged that the Warren County Prosecutor's Office pressured the complainant to pursue the criminal case using payments and threats and that the judge threatened him with incarceration if he refused to proceed pro se. Burchwell sought monetary relief. The district court dismissed the complaint for failure to state a claim upon which relief may be granted.

On appeal, Burchwell argues that the district court erred by dismissing his complaint. We review de novo the dismissal of a complaint for failure to state a claim upon which relief may be granted. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014), *petition for cert.*

*filed* (Oct. 2, 2014) (No. 14-393, 14A91). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.*

A municipality may be held liable under § 1983 only where the plaintiff's federal rights were violated because of a municipal policy or custom. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). To properly allege a municipal liability claim, a plaintiff must allege facts showing that an official with final decision-making authority ratified illegal actions or that there existed an illegal official policy or legislative enactment, a policy of inadequate training or supervision, or a custom of acquiescence to federal rights violations. *D'Ambrosio*, 747 F.3d at 386.

Because the prosecutor and judge were acting on behalf of the state in Burchwell's criminal proceedings, they were not acting as policymaking officials for Warren County, such that the county may be held liable for their actions. *See id.*; *Pusey v. City of Youngstown*, 11 F.3d 652, 659 (6th Cir. 1993). And Burchwell has not otherwise alleged facts showing that a county policy or custom deprived him of his federal rights. Thus, the district court properly dismissed Burchwell's complaint for failure to state a claim upon which relief may be granted.

Accordingly, we affirm the district court's judgment.